Hornblower, C. J.
This was au action of ejectment, brought by the lessors of the plaintiff, claiming as heirs at law of Jasper Smith, deceased, for a farm and wood lot, which had been devised by him to the defendants in fee, upon a condition subsequent; which condition, the lessors of the plaintiff insist, has been broken by the defendants. On the trial of the cause, the plaintiff, after having given the will and codicil of the testator in evidence, and after having also given evidence to show, that the lessors of the plaintiff were the heirs at law of the testator, offered to prove, for the purpose of showing a breach of the condition in the will, that the defendants had cut timber for rails, on the plantation so devised to them; and had, also, sold wood and timber off of the same, since the death of the testator, and within thirty years, after they came into possession of the premises, under the will of the testator. This evidence was objected to by the defendants, and the court sustained the objection. The plaintiff, offering no further evidence in support of his title, was nonsuited by order of the court. The plaintiff thereupon excepted, and a bill of exceptions was allowed and sealed accordingly.
*552 It does not appear by the record, upon what ground, or for what reason, the evidence was objected to, by the defendants, or ruled out by the judge. We are left simply, so far as the record goes, to the inference, that the counsel for the defendants and the judge were of opinion, that the evidence offered was wholly irrelevant and immaterial, as not tending to prove any breach of the condition. It was admitted, however, on the argument, that the whole object of the course taken at the trial, and of this bill of exceptions, was to subject to the consideration of this court, the construction of the will, in reference to the premises in question. The words of the will, are as follows: “ I give, devise, and bequeath to the trustees of,” &c., “ that plantation,” (describing the premises) “ to hold to them, their successors and assigns, forever : but not to be possessed by the said trustees until after the death of my brother, Israel Smith, and my wife ceases to be my widow. — And the said trustees, and their successors, are enjoined not to cut any timber on the said plantation, for rails, for thirty years, after their possession; nor sell any wood or timber, off of said lands; nor, never sell the same, under .forfeiture of this devise, unless, to purchase a more valuable or suitable place for the purposes aforesaidand then, the conveyance therefor to be so set forth, and if done, must be by the vote of the congregation, two-thirds of which must agree to it.” The testator then proceeds : “ The trustees and their successors, must get cedar or chesnut rails, every year, so as to keep up the fences in good order and repair. This is my request.” — There is nothing in any other part of the will, nor in the codicil, that in terms, or by strict legal operation, affects or controls the principal devise; though there is much in both to show, that the church at Maidenhead, as well as the good of his fellow men, was the cherished object of the testator’s heart. In the codicil, he devises some other lands to the defendants in fee; saying only, that they are to be used by the trustees, with the lands before devised, “for the supporting the preaching of the gospel to the Maidenhead congregation, of the Presbyterian denomination, forever ; and in no case to be sold for any congregation debt or debts, as the said trustees are to hold the same in trust for the purposes aforesaidj and when they shall not answer that purpose, the fee simple of all shall go to and vest in my oldest male heir at law.”
*553 It might, under other circumstances, become a question, whether the limitation over, contained in the codicil, to his oldest male heir, on the contingency, of the devised premises not answering the purpose of the devise, extended only to the lands given by the codicil; or whether it included all the lands, given by the will and codicil both. But this question does not now arise; and the only inquiry is, upon the true construction of the original devise in the will; whether the forfeiture of the estate, thereby given, was to be consequent, upon the cutting of rails or selling wood and timber off of the lands, within the thirty years; or only, upon the selling of the property, unless, for the purpose, and in the manner prescribed by the will. That the former was not the intention of the testator, I am satisfied; not only from the phraseology used by him, but from his evident general intent. What was that general intent? What the state of his mind, and the great and controlling motives of his action, upon that occasion ? They may be clearly read in the history of his life, which, with beautiful simplicity and truthfulness, he lias himself recorded; in his humble gratitude to God for His goodness to him ; and in his fervent desire to promote and perpetuate the preaching of the gospel, in his native place. His brothers and relations were by no means the peculiar objects of his bounty. He says, indeed, that they were not; and with great propriety gives his reasons for it; at the same time making suitable provision for bis wife and such of his relatives, as he thought most needy, or most deserving his kindness. His great object most evidently was, to devote a large portion of that property, for which he considered himself so eminently indebted to a kind Providence, to establish and perpetuate among his neighbors, the preaching of the gospel. The very restrictions therefore, under which he laid the devisees, whether discreet or not is unimportant, were of such a character, as showed his great desire, that generations to come might enjoy the fruits of his bounty. He did not mean to defeat that bounty, upon a mere departure from his advice, as to the mode of using it; but while he “ enjoined ” them not to commit waste, on the lands, he hung the event of their losing the property, on nothing less, than an alienation of it, for a purpose, and in a manner, inconsistent with the object that lay nearest to his heart.
*554 The language of the testator, no less than his general intent, in my opinion, sustains this view of the ease. Having given the premises to the trustees, in fee, he first “enjoins” them not to out timber for rails, for thirty years • • nor to sell any wood or timber off of the premises. Thus far the language of the testator, is merely advisory, or at most directory. If he had stopped here, it would never have been contended, that, upon the cutting of rails, the heir would have had a right to enter. But the testator proceeds: “nor never sell the same, under forfeiture of this devise.” Again it may be remarked, that if the restrictive words had stopped here, it might have been contended, that the forfeiture was contingent, on cutting timber for rails, selling wood or timber off of the premises, or selling the land itself. But the testator immediately adds, “ unless to purchase a more valuable or suitable place, for the purposes aforesaid ; ” and even “ then the conveyance to set forth the reason of the sale; ” and if sold, to be done only by the concurrent vote of two-thirds of the congregation ; thus plainly, as it appears to me, annexing the penalty of forfeiture, to a sale of the land for any other purpose, or in any other way than he had directed. The argument for the plaintiff goes upon the ground, that the forfeiture was to be contingent on any one of the prohibited acts, viz: upon the cutting of timber for rails; or upon selling wood and timber off of the premises • or upon a sale of the land, unless such sale should be made for certain purposes, and in a certain way. But I think such a construction of the will is not called for by its language, nor by the manifest intention of the testator. It is true, he begins by “ enjoining ” the devisees not to cut rails, &c.; and afterwards, he says it is his “ request” that they will get cedar and chestnut rails, &c.; and it is equally true, that those words may be so used in a will, as to be mandatory, and control the gift; or so as to be equivalent to, “ I order,” or “ it is my will.” But if they are so used in this will they do not create a condition. They are mere words of direction or advice; and although the devisees may be compelled by the eestuis que trust, to act in accordance with their import, they are not words of condition; or at least, are not so here used. The forfeiture, I think, was made contingent only on the sale of the premises, otherwise than in the manner and for *555 the purposes mentioned by the testator. I am strengthened in this opinion, by what appears to me a just criticism on the phraseology of the testator, in regard to this devise. If he had postponed the insertion of the penalty of forfeiture, to the end of the whole clause, and then added the words, “ under forfeiture of this devise,” it might have been contended, with some plausibility, that the penalty attached to each of the restrictions, in the preceding part of the clause. But instead of this, the penalty is inserted, by way of parenthesis, in that part of the clause,.which prohibits a sale of the farm. So that, in fact, the meaning of the testator was plainly the same, as if he had said, after enjoining the devisees from cutting rails, &c., “ nor, under forfeiture of this devise, ever sell the same, except, &e.” It would be contrary to all just rules of construction, to carry back, what is said, in a parenthesis in the latter part of a paragraph, in relation to one subject, and annex or apply it to preceding parts of the paragraph, relating specially to other matters.
This view of the subject renders it entirely unnecessary to examine the doctrine of conditions, and of repugnant claims, in gifts or conveyances to corporations, for ecclesiastical or eleemosynary purposes, which was so ably and elaborately discussed by the plaintiff’s counsel.
It is sufficient to add, that “ conditions subsequent are not favored in law, and are construed strictly, because they tend to destroy estates; and the rigorous exaction of them is a species of summum jus, and in many cases hardly reconcilable with conscience.” 4 Kent’s Com. 129. Nor will a court of equity lend its aid to divest an estate upon a condition subsequent. Id. 130.
What may be the character or effect of the qualified restriction in this will, upon an alienation of the premises, is entirely unimportant at this time, since there has been no alienation made.
I am of opinion that the judgment be affirmed with costs.

Judgment affirmed.

Whitehead, J. did not hear the argument, and expressed no opinion.
Cited in Cornelius v. Den, Ivins, 2 Dutch. 387.